IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RONALD A. NURSE, | * | |
| Plaintiff, | * | |
| v. | * | |
| TELEPERFORMANCE INC.; VERONICA WEST; TRACEE JOHNSON, | * | 1:15-cv-94 |
| Defendants. | * | |

O R D E R

In this rapidly expanding case, the Court presently faces five pending motions, all filed since December 7, 2015. They include: Defendants' motion to dismiss (Doc. 7), Plaintiff's first motion for default judgment (Doc. 13), Plaintiff's second motion for default judgment (Doc. 20), Plaintiff's "Motion for Corrective Court Documentation" (Doc. 19), and Defendants' motion to strike. In this order, the Court resolves the latter four motions and leaves Defendants' motion to dismiss pending.

The Court begins with Plaintiff's motions for default judgment. (Docs. 13, 20). In each default judgment motion, Plaintiff, proceeding pro se, makes a nearly identical argument, which takes the following form:

1. If Defendants execute waivers of service of process, Federal Rule of Civil Procedure 12(a)(1)(A)(ii) requires Defendants to answer within 60 days after the waiver requests were sent;

2. Defendants were sent waiver requests on October 7, 2015;

3. Defendants each waived service of process;

4. Defendants' deadline to answer was December 7, 2015;

5. Defendants have not answered;

6. *ergo* default judgment should be granted.

Plaintiff's argument is a sound, logical syllogism—except that it ignores multiple rules of civil procedure. Most notably, Defendants timely filed their motion to dismiss on December 7th[1] and, under Rule 12(a)(4), they are not required to answer until fourteen days after notice of the Court's action on their motion to dismiss, should it be denied. Because Defendants have not failed to plead, see Fed. R. Civ. P. 55(a), entry of default, much less default judgment, is not warranted. Plaintiff's motions for default judgment (Docs. 13, 20) are therefore **DENIED**.

Next, the Court addresses Plaintiff's "Motion for Corrective Court Documentation" (Doc. 19) and Defendant's Motion to Strike. (Doc. 22). Both motions concern Docket Entry 16, which is styled as Plaintiff's "Amended Complaint." Plaintiff indicates this filing was intended to be an exhibit to his response brief in opposition to Defendant's motion to dismiss. As both parties note, the "Amended Complaint" filed at Docket Entry 16 is an exact duplicate of the correctly filed Amended Complaint at Docket Entry 5. Plaintiff requests that the Court disregard the mistakenly filed the "Amended Complaint" and include it as an exhibit to

---

[1] Plaintiff is correct that Defendant's motion to dismiss is actually filed sixty-one days after the waiver requests were sent out. The sixtieth day, however, was Sunday, December 6, 2015. When a filing deadline falls on a Sunday, Federal Rule of Civil Procedure 6(a)(1)(C) provides that the deadline shall be the next business day.

2

Plaintiff's response motion. Defendants, for their part, simply move to strike the "Amended Complaint," or alternatively grant Plaintiff's request to make it an exhibit to Plaintiff's response brief.

Upon due consideration, the Court **GRANTS** Defendants' motion to strike and **DENIES** Plaintiff's "Motion for Corrective Court Documentation." The Court **DIRECTS** the Clerk to **STRIKE** Document Entry 16, Plaintiff's "Amended Complaint," from the record. When the Court considers Defendants' Motion to Dismiss, the Court will review Plaintiff's Amended Complaint filed at Docket Entry 5 without the need for it be filed as an exhibit. To the extent Plaintiff wishes to cite to his Amended Complaint in a future brief, a citation that refers to the Amended Complaint at docket entry five is sufficient and there is no need to include it as an exhibit.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of January, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA