```
     IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF GEORGIA
                     AUGUSTA DIVISION
```

| | |
|---|---|
| RONALD A. NURSE, | * |
| v. | * |
| TELEPERFORMANCE, INC., VERONICA WEST, and TRACEE JOHNSON. | * 1:15-cv-94 |
| Defendants. | * |

# O R D E R

Presently before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state an ADEA claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) Additionally, on May 16, 2016, the Court informed the parties that it was considering the *sua sponte* dismissal of Plaintiff's Title VII claims for failure to state a claim. (Doc. 27.) That Order gave Plaintiff an opportunity to file a brief in opposition to dismissal, which he did. Having now been fully briefed on both claims, the Court **GRANTS** Plaintiff's motion and its *sua sponte* motion and **DISMISSES** Plaintiff's claims **WITH PREJUDICE.**

## I.   BACKGROUND

### A. Procedural History

On June 25, 2015, Plaintiff Ronald A. Nurse filed his *pro se* Complaint against Defendants Teleperformance, Inc., Veronica West, and Tracee Johnson. (Doc. 1.) Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2.) The Magistrate Judge denied his motion and directed Plaintiff to file an amended complaint and a new motion to proceed *in forma pauperis*. (Doc. 4.) Soon after, Plaintiff filed an Amended Complaint and renewed his motion. (Docs. 5, 6.) In his Amended Complaint, under the heading "Jurisdiction and Venue," Plaintiff alleged jurisdiction under 42 U.S.C. § 1983 based on violations of the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 5 at 2.) Plaintiff also cited the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. (Id.)

Based on the Amended Complaint, the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis*. (Doc. 7 at 1.) The Magistrate Judge dismissed Plaintiff's § 1983 claim because he did not plead "any facts demonstrating that Defendants acted under color of state law," but found that Plaintiff "*arguably* stated a viable claim for disparate treatment under Title VII. 42 U.S.C. § 2000e-2(a)(1)." (Id.)

2

The Magistrate Judge never addressed the viability of Plaintiff's ADEA claim.

Defendants subsequently appeared in this case and filed the presently pending motion to dismiss. (Doc. 11.) Defendants' motion does not address Plaintiff's Title VII claim, only his ADEA claim. On May 16, 2015, the Court notified Plaintiff that it was considering the *sua sponte* dismissal of Plaintiff's Title VII disparate-treatment claim. (Doc. 27.) Subsequently, Plaintiff and Defendants provided briefs in opposition to and in support of dismissal, respectively. (Docs. 28-29.) The notice requirements of <u>Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.</u>, 695 F.2d 524, 526-27 (11th Cir. 1983), having been met, the Court's *sua sponte* motion and Defendants' motion to dismiss are now ready for adjudication.

**B. The Amended Complaint's Allegations**

For some time before March 14, 2015, Defendant Teleperformance, Inc. employed Plaintiff at its Augusta, Georgia call center. (Compl., Doc. 1 at 2.) Teleperformance also employed Defendants Veronica West and Tracee Johnson at the center. (<u>Id.</u>) In general, Defendant alleges that Teleperformance conspired with Veronica West and Tracee Johnson to discriminate and harass Plaintiff. (<u>Id.</u> at 2-3.) More specifically, Plaintiff alleges that he was the only employee whom supervisors wrote up and threatened with termination when

3

his machine malfunctioned, even though all employees' machines, including the female employees' machines, malfunctioned. (Id. at 2.) Additionally, Plaintiff alleges that Defendants repeatedly "accus[ed] him of false allegations," ultimately coaxing a supervisor to level a false charge against Plaintiff resulting in his termination. (Id. at 2-3.) In sum, Plaintiff alleges that Defendants "are being sued for misfeasance and misandry because they abused their authority and took advantage [of] their cruel power to neglect, abuse, discriminate, and mistreat plaintiff every day" from March 14, 2014 until March 14, 2015. (Id. at 3.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a defendant's Rule 12(b)(6) motion to dismiss, therefore, a plaintiff's complaint must include enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Although a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading

4

obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 556 U.S. at 555).

At the same time, a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Kabir v. Statebridge Co., No. 1:11-cv-2747, 2011 WL 4500050, at *2 (N.D. Ga. Sept. 27, 2011) (citing Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993)). At this stage, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

Further, "[a]lthough *pro se* pleadings are held to a less stringent standard than pleadings filed by lawyers and are generally construed liberally, Alba v. Montford, 517 F.3d 1249, 252 (11th Cir. 2008) . . . , this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to

5

sustain an action." <u>Giles v. Wal-mart Distribution Ctr.</u>, 359 F. App'x 91, 93 (11th Cir. 2008) (internal quotations omitted).

### III. ANALYSIS

**A. Plaintiff's Title VII Claim**

As an initial matter, Plaintiff's briefs contain many accusations that Defendants, particularly Teleperformance, engaged in race, gender, and age discrimination, and violated the Georgia Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 *et seq*. (Doc. 15 at 2-3.) A plaintiff may not amend his complaint by adding allegations in the body of his briefs. Adding allegations "in response to a motion to dismiss, is plainly inappropriate." <u>Brown v. J.P. Turner & Co.</u>, No. 1:09-cv-2649, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011). A plaintiff's proper course is to amend his complaint under Federal Rule of Civil Procedure 15. Accordingly, for purposes of determining whether Plaintiff's Amended Complaint states a claim for relief, the Court considers the factual allegations contained in the Amended Complaint and not the factual allegations in Plaintiff's briefs. <u>See</u> <u>Coon v. Georgia Pac. Corp.</u>, 829 F.2d 1563, 1570 (11th Cir. 1987)("That plaintiff could have pleaded her pre-1979 claims because of their relationship to the 1979 charge does not mean that she did so."); <u>Marshall v. Mayor & Alderman of City of Savannah, Ga.</u>, 366 F. App'x 91, 101 (11th Cir. 2010) ("The fact that Marshall

6

could have pleaded her Title VII retaliation claim in her amended complaint, but did not, does not somehow render her claims 'present' within her complaint.")  The Court does, of course, consider the arguments in Plaintiff's briefs.

Title VII provides that it is unlawful for an employer to discriminate against an employee because of the employee's sex. See 42 U.S.C. § 2000e-2(a)(1).  To state a disparate-treatment claim under Title VII, a complaint "must provide 'enough factual matter (taken as true) to suggest' intentional" gender discrimination. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (quoting Twombly, 550 U.S. at 555).  The complaint "need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case." Id. (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)). "This is because McDonnell Douglas's burden-shifting framework is an evidentiary standard, not a pleading requirement." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245-46 (11th Cir. 2015) (citing Swierkiewicz, 534 U.S. at 510).

According to the Amended Complaint, Defendants conspired to fire Plaintiff by having a supervisor level a false accusation against him.  An investigation, Plaintiff contends, would have cleared him of the charge, but Defendants refused to scrutinize the evidence.

Viewed in the light most favorable to Plaintiff, this allegation suggests that Defendants fired Plaintiff based on a

7

false accusation while knowing the accusation was false. Notably absent from Plaintiff's Complaint is any suggestion that Defendants fired him because of his gender. "Title VII is neither a general civility code nor a statute making actionable the ordinary tribulations of the workplace." <u>Davis v. Town of Lake Park</u>, 245 F.3d 1232, 1238 (11th Cir. 2001). On the contrary, "[t]o be actionable under Title VII, the harassing conduct or the adverse employment action must be *because* of the employee's protected characteristic, in this case [gender]." <u>Jacobs v. Biando</u>, 592 F. App'x 838, 841 (11th Cir. 2014) (emphasis added). Plaintiff's Amended Complaint alleges that Teleperformance fired him based on a false accusation, but does not allege that the real reason was that he is male.

Even liberally construed, the only factual allegation in the Amended Complaint that concerns gender at all is that, when employees' machines—including those operated by female employees—malfunctioned, Plaintiff was "the only employee being written up and threatened to be fired daily." (Compl. at 2.)[1] This allegation suggests that Defendants treated Plaintiff

---

[1] The Court notes that a mere write-up or negative evaluation uncoupled from, for example, a change in job duties, hours, or benefits does not constitute an adverse employment action. See <u>Mason v. George</u>, 24 F. Supp. 3d 1254, 1264 (M.D. Ga. 2014). Similarly, "numerous courts have concluded that '[v]erbal reprimands and threats of termination do not constitute adverse employment actions.'" <u>Medearis v. CVS Pharmacy</u>, 92 F. Supp. 3d 1294, 1312 (N.D. Ga. 2015), <u>aff'd sub nom. Medearis v. CVS Pharmacy, Inc.</u>, No. 15-11605, 2016 WL 1273475 (11th Cir. Apr. 1, 2016); <u>Mistretta v. Volusia County Dep't of Corrections</u>, 61 F. Supp. 2d 1255, 1260 (M.D. Fla. 1999).

differently than *all* other employees, including, but not limited to, the female employees.  Therefore, it does not support a plausible inference of sex discrimination.  Moreover, even construing the event as sex discrimination, there are no additional allegations that connect this occurrence to Plaintiff's termination.  See Jacobs, 592 F. App'x at 841 (affirming the dismissal of a disparate-treatment claim in part due to the absence of allegations connecting a general, race-based comment to the complained-of conduct).  Simply put, Plaintiff did not allege that Defendants falsely accused and then fired him because he is male.  See id.  Accordingly, Plaintiff's disparate treatment claim must be dismissed.

To the extent that Plaintiff's Amended Complaint arguably states a sexual-harassment claim, such a claim fails for similar reasons.  To state a sexual-harassment claim, Plaintiff must allege (1) that he belongs to a protected group; (2) that he has been subject to unwelcome sexual harassment; (3) that the harassment was based on the Plaintiff's sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding Teleperformance liable.  See Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc).

"The paradigm of sexual harassment as federally prohibited employment discrimination occurs when an employee's expressed

9

terms of employment, such as salary or continued employment, are conditioned upon compliance with the employer's sexual demands." Id. This form of harassment is "traditionally described as quid pro quo harassment." Id. "Absent such explicit discrimination," a plaintiff must demonstrate that a defendant's conduct is "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." Id. (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)). "Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component." Id. at 1246.

With respect to the objective component, the Supreme Court and the Eleventh Circuit have identified the following factors that should be considered: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Id.

Here, Plaintiff's Amended Complaint is absent any allegations of harassment "sufficiently severe or pervasive" as to alter the conditions of his employment. See Tagliaferri v. Winter Park Hous. Auth., 486 F. App'x 771, 774 (11th Cir. 2012) (allegations that "defendant photographed [plaintiffs] outside," "set up [a] video camera at [plaintiffs'] bedroom window once",

10

and "interrupted their conversations with other men" were not severe or pervasive under Mendoza); Mitchell v. Pope, 189 F. App'x 911, 913 (11th Cir.2006) (per curiam) (rejecting the plaintiff's claim that sixteen specific instances of offensive conduct over four years constituted sexual harassment where the conduct at issue consisted primarily of "crass" and "juvenile" offensive utterances and on three occasions the defendant attempted to touch or actually touched the plaintiff); Mendoza, 195 F.3d at 1247-48 (holding that an employer's conduct is not sufficiently severe or pervasive where the employer told the plaintiff, "I'm getting fired up," rubbed against her, followed her around, and made sniffing noises while staring at her).

Though Plaintiff alleges the harassment was frequent, the Amended Complaint does not sufficiently allege the severity of the conduct, whether he was physically threatened or humiliated, or whether it interfered with his job performance. See Mendoza, 195 F.3d at 1246 (describing the four factors to the objective component). Because the Amended Complaints fails to allege that the harassment was "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment," it does not "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Whether a disparate-treatment or a sexual-harassment claim, Plaintiff's Amended Complaint fails to state a claim for relief

under Title VII. The Court, acting *sua sponte*, **DISMISSES** Plaintiff's Title VII claims.

**B. Plaintiff's ADEA Claim**

Plaintiff's Amended Complaint makes an unexplained reference to the ADEA. (Amended Compl. at 2.) To state a claim for relief under the ADEA, a plaintiff must allege "(1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subjected to adverse employment action; (3) that a substantially younger person filled the position that [s]he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998). Alternatively, to the extent Plaintiff alleges a hostile-work-environment claim under ADEA,[2] he must show that "(1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in a protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive work environment; and

---

[2] "The Eleventh Circuit has never decided in a published opinion whether a hostile work environment claim is cognizable under . . . the ADEA." Hollingsworth v. O'Reilly Auto. Stores, Inc., No. 4:13-cv-01623, 2015 WL 412894, at *12 (N.D. Ala. Jan. 30, 2015) (citing (citing E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1249 n.7 (11th Cir. 1997). For purposes of this motion, the Court assumes such a claim is viable.

(5) [Defendants are] responsible for that environment under a theory of either vicarious or direct liability." <u>Jones v. UPS Ground Freight</u>, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotations omitted) (describing the elements of a hostile work environment claim under 42 U.S.C. § 1981 and Title VII).

Plaintiff has not pled his age, the ages of his coworkers, the ages of Defendants West and Johnson, or the age of anyone who replaced him in his position. Likewise, at no point does Plaintiff's Amended Complaint reference any discrimination he suffered because of his age. In all respects, the gravamen of Plaintiff's Amended Complaint is that women at Teleperformance harassed him and caused him to lose his job. In short, the Court is at a loss to see an ADEA Claim in the Amended Complaint or understand what motivated Plaintiff to include a reference to ADEA, 29 U.S.C. § 621 *et seq.*

Because Plaintiff failed to allege any facts giving rise to a claim under ADEA, his Complaint fails to state a claim upon which relief may be granted. The Court, therefore, **GRANTS** Defendants' motion to dismiss this claim.

### IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's ADEA claim and **DISMISSES** Plaintiff's Title VII claim *sua sponte*. The Court

13

**DISMISSES** both claims **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to **TERMINATE** all pending motions and **CLOSE THIS CASE.**

**ORDER ENTERED** at Augusta, Georgia, this ___8th___ day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA